KAYE v. GERASIMOS.

1. LANDLORD AND TENANT—VENDOR AND PURCHASER—AGREEMENT TO
PAY RENT.
    Where agreement for assignment of vendee's interest in land
    contract was executory, and in meantime purchaser agreed to
    pay monthly rental for use and occupation of premises, rela-
    tion of landlord and tenant existed.

2. VENDOR AND PURCHASER—AGREEMENT TO PAY TAXES—TIME.
    Where agreement for assignment of vendee's interest in land
    contract obligated assignor to pay taxes then due, but fixed
    no time for said payment, purchaser could not set time, but
    could protect himself at time of tendering full performance
    of purchase price.

3. SAME—APPEAL AND ERROR—RECORD.
    Claim by purchaser of vendee's interest in land contract that
    vendee's nonpayment of tax then due may constitute default
    under said contract is not considered, on appeal, where contract
    is not in record, since court may not surmise its terms.

4. LANDLORD AND TENANT—SUMMARY PROCEEDING—REFUSAL TO PAY
RENT.
    In summary proceeding by landlord after notice to quit or pay
    rent, judgment of restitution was properly rendered, where ten-
    ant refused to pay agreed rent.

Appeal from Wayne; Warner (Glenn E.), J., pre-
siding. Submitted January 18, 1933. (Docket No.
94, Calendar No. 36,737.) Decided April 4, 1933.

Summary proceedings by Avedis Harold Kaye
against Theodore Gerasimos to obtain possession of
premises alleged to be held by defendant as tenant.
Judgment for plaintiff. Defendant appealed to the
circuit court. Judgment for plaintiff. Defendant
appeals. Affirmed.

*Theodore H. Yessayan,* for plaintiff.

*Charles C. Stewart,* for defendant.

WIEST, J. Plaintiff brought a summary proceeding against defendant before a circuit court commissioner and obtained restitution of certain premises. Defendant appealed to the circuit court and now prosecutes an appeal to this court.

Plaintiff is vendee in a land contract, and defendant, desiring to purchase plaintiff's equity, the parties reached an agreement and reduced the same to writing, by which defendant was to pay $820 for the equity, make a down payment of $100, and the balance at $25 per week, and, when the full sum was paid, plaintiff should execute an assignment of the land contract. The agreement also obligated defendant to pay $55 per month for use and occupation of the premises pending the assignment, that being the amount plaintiff had to pay the vendor. Plaintiff agreed to pay the tax then due for 1931. Defendant made the down payment of $100, and also $60, one $25 payment, and one $55 payment, and then refused to pay any more until plaintiff paid the 1931 tax, amounting to $181. Thereupon plaintiff gave defendant notice to quit or pay the rent, and later commenced the summary proceeding.

Defendant contends that the default of plaintiff in paying the tax precludes him from prosecuting this suit, and also claims that there was no relation of landlord and tenant.

The agreement fixed no time for payment of the tax. It will be noted that the agreement for the assignment of the vendee's interest in the land contract was executory, and the monthly payment, for use and occupation of the premises, brought the

relation in the meantime of landlord and tenant. No time having been fixed for payment of the tax, defendant could not set a time, and could protect himself at the time of tendering full performance of the purchase price of the equity, but defendant urges that nonpayment of the tax may constitute a default by plaintiff under the land contract. That contract is not in the record, and we cannot surmise its terms.

The circuit judge tried to get the parties to exercise some degree of sense, and plaintiff was willing to pay the tax at once if defendant would make the past-due payments, but this defendant refused to do, and elected to stand on his legal rights. He cannot have the use and occupation of the premises without the monthly payments.

The judgment in the circuit court is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.